15 F.3d 1087
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Carmine S. LUONGO, Plaintiff-Appellant,
v.
ALLSTATE INSURANCE COMPANY, Defendant-Appellee.
 No. 92-16307.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 13, 1993.*
Decided Jan. 10, 1994.
 
 Before: LAY,** HALL, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Carmine Luongo appeals the district court's order granting summary judgment to Allstate Insurance Company. The district court found that Allstate complied with the "anti-stacking" provisions of Nevada Revised Statute 687B.145(1) as a matter of law and thus Luongo was precluded from stacking underinsured motorist coverage in his policy. We affirm.
 
 
 3
 In reaching its conclusion, the district court relied on Allstate Ins. Co. v. Clemmons, 742 F.Supp 1073 (D.Nev.1990). Clemmons, however, was later reversed on appeal in an unpublished memorandum disposition. The defect in Clemmons was that insufficient undisputed evidence existed in the affidavits to decide the basis for the premiums charged by Allstate. Essentially, it could not be determined whether or not the premium for the second automobile was for stacked underinsured motorist coverage.
 
 
 4
 Here, Allstate's actuary affirmatively stated in his declaration that premiums were charged for the second two vehicles because there was a greater exposure for underinsured motorist protection when the insured had three vehicles. The additional premiums were not for stacked underinsured motorist coverage because, as Luongo's expert agreed in his declaration, if the additional premiums were paid for stacked insurance coverage they would have been more than the premiums for the first policy; here, they were less. In other words, this case presented what was missing in Clemmons: uncontroverted affidavits in the district court which explained why the additional premiums were charged by Allstate for the additional policies, and why this did not provide the insured with stacked underinsured motorist coverage. Therefore, we affirm.
 
 
 5
 AFFIRMED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 34-4